Hon. Thomas F. Hartnett Commissioner New York State Department of Labor
Your counsel has asked whether sections 17 and 18 of the Public Officers Law apply to members of private industry councils (PICs) established under the provisions of the United States Job Training Partnership Act (JTPA).
The governor of each state is required to divide the state into service delivery areas in which JTPA funded job training activities will be carried out by local public and private entities (29 U.S.C. § 1511). A PIC is required to be established in each service delivery area and is to consist of representatives of the private sector who are to constitute a majority of the membership, representatives of educational agencies, organized labor, rehabilitation agencies, community-based organizations, economic development agencies, and the public employment service ( 29 U.S.C. § 1512[a]). The members of a PIC are appointed by the chief elected official(s) of the unit or units of general local government in the service delivery area with experience in administering job training programs (29 U.S.C. § 1512[d]). The number of members of a PIC is to be determined by the chief elected official or officials and, upon the officials' failure to agree, by the governor (29 U.S.C. § 1512[e]). The governor is required to certify a PIC if he determines that its composition and appointments are consistent with the provisions of the statute (29 U.S.C. § 1512[a]).
A private industry council has responsibility for policy, guidance and oversite with respect to activities under the job training plan for its service delivery area in partnership with the unit or units of general local government within its service delivery area ( 29 U.S.C. § 1513[a]). A PIC, in accordance with agreements with the chief elected official or officials of the service delivery area, determines procedures for the development of the job training plan by either the council, any unit of general local government in the service delivery area or by other methods or institutions agreed upon ( 29 U.S.C. § 1513[b]). The PIC and the local official or officials also are required to select a grant recipient and entity to administer the job training plan which may be the PIC, a unit of general local government in the service delivery area, a non-profit private organization or corporation or any other entity agreed upon (ibid.). The PIC is authorized to provide oversite of programs conducted under the job training plan (ibid.). Prior to submitting the job training plan to the governor, the plan must be approved by the PIC and by the chief elected official or officials of the service delivery area ( 29 U.S.C. § 1513[d]).
Your first question is whether New York State Labor Department employees who serve as the "public" members of PICs are covered by section17 of the Public Officers Law. You state that the Labor Department considers the services by these employees on private industry councils as part of their job duties with the Labor Department and that the Department compensates these employees for their time in undertaking PIC activities. We note that PICs are required to include representatives of the public employment service. Section 17 of the Public Officers Law provides for defense and indemnification of State "employees", defined as "any person holding a position by election, appointment or employment in the service of the state". Thus, if these employees' activities as members of private industry councils are part of their Labor Department duties, it follows that while undertaking these activities the employees are in the service of the State within the meaning of section 17 of the Public Officers Law. Thus, upon compliance with the requirements of the section they will be entitled to defense and indemnification by the State.
Your second question is whether public entities, other than the State of New York, may provide for defense and indemnification of the other members of PICs. Section 18 of the Public Officers Law establishes a procedure for defense and indemnification of local employees and officers by local public entities (Public Officers Law, § 18[1]). The provisions of section 18 apply if the local governing body elects to confer the section's benefits upon its employees and to be held liable for any costs incurred under the section (id., § 18[2][a]). Additionally, the benefits of section 18 may be conferred upon the employees of a public entity "where the governing body of a municipality, for whose benefit the public entity has been established", has agreed to confer the benefits of section 18 upon that public entity (id., § 18[2][b]). The municipality must agree to be held liable for costs incurred under these provisions. The question is whether the members of a private industry council (excluding the Labor Department members) may be defended and indemnified by a municipality under this provision.
Under section 18(2)(b), a municipality may only agree to defend and indemnify a "public entity". The term "public entity" includes a separate corporate instrumentality (id., § 18[1][a]). PICs are authorized to incorporate (29 U.S.C. § 1513[e][2]), and, therefore, an incorporated PIC comes within the definition of public entity. Of course, it also must be shown that a PIC serves a public purpose. Additionally, it is necessary to demonstrate that PICs have been established for the benefit of municipalities in the service delivery area.
A private industry council is formed under and performs only those functions defined by Federal law and relating to the Job Training Partnership Act. As was previously mentioned, a PIC plans, receives Federal grants and other funds and oversees programs under the Job Training Partnership Act. We believe these exclusively public duties make an incorporated PIC a "public entity" within the meaning of section18 of the Public Officers Law. Further, under the Federal act, a PIC performs its responsibilities in accordance with agreements negotiated with the appropriate chief elected officials of local governments in the service delivery area. A PIC, through its activities, confers a direct benefit upon the residents of local governments in the service delivery area and thereby on the local governments themselves. Thus, we conclude that an incorporated PIC is a "public entity" established for the benefit of municipalities in the service delivery area. Therefore, under section 18(2)(b), the governing body of a municipality may elect to confer the benefits of section 18 on an incorporated private industry council serving its service delivery area by agreeing to be held liable for the costs as provided for in that section.
We note that where there is more than one municipality in the service delivery area, the municipalities must agree as to their proportionate responsibility for the cost of defense and indemnification. Such agreements, however, are not unprecedented (see, General Municipal Law, § 119-o[2][i]).
We conclude that Labor Department employees serving as members of private industry councils receive defense and indemnification for these activities under section 17 of the Public Officers Law. Municipalities in a service delivery area may elect to confer the benefits of section 18 of the Public Officers Law upon an incorporated private industry council serving the area by agreeing to be held liable for the costs as provided for in that section.